†KNOX COUNTY MUTUAL INS. CO. v. BOWERSOX, RECEIVER.

1. ACTION AGAINST COMPANY FORMED UNDER SPECIAL ACT WHEREBY IT MUST BE SUED IN ITS OWN COUNTY—SUIT IN ANOTHER COUNTY ALLEGING GENERAL LAW APPLIED.

A fire insurance company was incorporated by a special act of the legislature under the constitution of 1802, which act provided that suits against the company upon its policies could be brought only in Knox county. Suit was brought against it in Williams county on one of its policies and summons for the company was issued to the sheriff of Knox county, and was there served by him. The petition in the case set up the incorporation of the company by the special act, and also alleged matters which, if true, showed that the company had availed itself of the provisions of general laws now in force, granting powers to fire insurance companies greater than could be lawfully exercised under said special act, and had thus brought itself within the provisions of sections 3332-4 Rev. Stat. The policy itself was not attached to or made a part of said petition.

The company filed a verified motion asking that said case "be dismissed and stricken from the docket." *Held:* The motion was submitted to the court, and by it overruled, and the company excepted, but no bill of exceptions was taken. Thereafter judgment was taken in said action against the company by default.

2. IN THE ABSENCE OF A BILL OF EXCEPTIONS COURT WILL PRESUME THAT PROOF SUSTAINED JURISDICTION.

(1) That if such motion could properly raise the said issues regarding jurisdiction, a reviewing court will presume, in the absence of a bill of exceptions, that the proof sustained the allegations of said petition in respect to said jurisdictional facts.

3. MOTION TO DISMISS ACTION DOES NOT LIE, SHOULD HAVE BEEN MADE BY ANSWER.

(2) The issues thus sought to be raised by motion should have been made by answer, and would be triable by a jury.

4. UNAUTHORIZED ANSWER BY ATTORNEYS NOT PREJUDICIAL TO THEIR CLIENTS.

(3) In such case, an entry on the journal of the court of common pleas purporting to show that the company, by its attorneys, asked and obtained leave to answer to the merits in the action, will not, on proof that the attorneys violated the company's instructions in so doing, be deemed prejudicial to the company, and the order of the court of common pleas overruling the company's motion to expunge from the record that part thereof showing such unauthorized act of the attorneys, will constitute no ground for the reversal of the judgment.

Error to the Court of Common Pleas of Williams county.

BENTLEY, J.

This is a petition in error to reverse the judgment of the court of common pleas of Williams county, rendered against the insurance company on a certain insurance policy issued by it, insuring certain property situated in this county against fire or lightning.

Two questions are presented: was this action one that could properly be brought in Williams county and the company be compelled to litigate here *in invitum*, or, if not, did the company voluntarily enter its appearance in said action.

The petition filed in the court of common pleas alleges that the defendant company insured the Edgerton Milling Co. against loss by fire or lightning on the property described in its policy, in a certain sum for a certain consideration, and that said property was destroyed by fire, and other facts which show that C. A. Bowersox, as receiver of the assets of the milling company, succeeds to its rights under the policy.

The petition below also alleged that the defendant is an insurance company originally incorporated prior to the adoption of the present constitution of this state, by a special act of the general assembly of Ohio, entitled "An act to incorporate the Knox County Mutual Ins. Co.," which act was to take effect March 14, 1838  The petition proceeds to aver what the authority of the insurance company was under its said original charter, and states the title and time of taking effect of the special act. That act provided that the company could be sued only in Knox county where its office was located.

†This case in the supreme court was marked "settled and dismissed" March 21, 1893.

The petition also alleges that under said act the said company was authorized to insure certain property mentioned therein against fire, whether the same happen by accident, lightning or any other means, but had no authority to engage in any other or different business of insurance, and that under said original act and other general laws passed subsequently to the adoption of the provisions of sec. 3234, Rev. Stat. of Ohio, authorizing domestic insurance companies to insure houses, buildings and all other kinds of property against loss or damage by fire and lightning in and out of the state, the defendant was, prior to, and ever since July 23, 1886, (the date of the said policy), engaged in the business of insuring houses, buildings and all other kinds of property within this state against loss or damage by fire and lightning, and that in issuing the policy in question the company availed itself not only of the authority of said original charter, but also of the said general laws passed since that time.

The defendant company was served with summons in said action in Knox county, and by its motion filed in said court of common pleas, by its attorneys, it challenged the right of the plaintiff below to sue it in any other county than Knox. The motion set forth the incorporation of the company by said special act, and the provisions of its charter providing that it could only be sued in the court of common pleas of Knox county, and that a clause in said policy itself provided that no suit upon it should be brought or sustained in any court of law or equity other than the last named court, notwithstanding any change in said charter which might be made by the legislature, and that it had not waived the said provisions in any way. and averred that the court of common pleas of Williams county had no jurisdiction of an action against it, it being also stated in said motion that the company appeared therein for the purpose of said motion only. The motion was sworn to absolutely by the secretary and treasurer of the company, and came on to be heard by the court of common pleas on evidence, as the journal entry of the court recites. The court of common pleas overruled said motion, and the company, by its attorneys, excepted, but no bill of exceptions was taken, so that we are unable to say from the record what the evidence for, or against the motion was.

The motion itself, so far as it was used as an affidavit in support of its own averments, cannot be considered, and we must presume that the evidence adduced was found by the court to have sustained the averments of the petition, if, indeed, it was competent on such motion to overthrow the jurisdiction of the court by proving by *ex parte* affidavits that the jurisdictional facts set up in the petition itself did not exist. In this view of the case the question for us to consider on this record is whether the averments of the petition itself, if proven, would show jurisdiction of the said court of common pleas to entertain the suit. The said policy was not attached or copied in said petition.

The said special act contains this provision: "Provided, that any future legislature may alter or repeal this act." Having in view the provisions of secs. 3232, 3233 and 3234 Rev. Stat., and the construction put upon them by the supreme court, we think that if the averments in the petition be true, the insurance company, by availing itself of the enlarged powers provided by the general laws passed since the adoption of the present constitution allowing it to insure property within and without the state from loss or damage by fire and lightning, whether fire ensues from lightning or not, voluntarily brought itself under the general laws of the state, so that under the provisions of sec. 5026 it could be sued in this county, where, it is alleged, the cause of action arose.

The counsel of the company argue, not without plausibility, that the provisions of sec. 5029 are so broad as to be applicable to the company here. That section reads: "When the charter of a corporation created under the laws of this state prescribes the place where suit must be brought, that provision shall govern." But, in the view we take of this case, the petition makes a case where the original act is no longer the whole charter of the company, but the act as modified by the provisions of other general laws which the company has accepted, is now its charter. This disposes of the alleged error arising from the ruling of the court that it had jurisdiction of the cause. In view of our holding that the court of common pleas had jurisdiction of the subject-matter, and, also, of the plaintiff in error by force of the service of the summons in Knox county, the action of the court upon the subsequent motion of the plaintiff in error to amend the record in the case would not be legally prejudicial to it, but as the point is urged we will consider it further.

The journal entry of the court of common pleas showing the disposition of said motion to the jurisdiction, is as follows:

"This day came the parties hereto by their respective attorneys and the said cause came on to be and was heard by the court upon the motion of the said defendant, to dismiss this cause because the said court had not jurisdiction thereof, and the evidence in support of said motion and arguments of counsel; whereupon the court do find said motion not well taken, and the court do therefore overrule the said motion, to which ruling the said defendant, by its counsel, excepted and hereby excepts.

And thereupon the said plaintiff moved the court that judgment on default be entered herein, and the said cause set down for trial for assessment of damages, which motion said defendant resisted, and urged that it had a good defense upon the merits, and desired herein to contest the said cause upon its merits; and upon the application of the said defendants in that behalf, it has leave to answer herein by the second Saturday in April next, and this cause is continued."

It will be seen that here was an apparent voluntary appearance by the insurance company by taking leave to answer to the merits, and securing a continuance of the case. The company did not, however, avail itself of the leave to answer granted to it, and filed no pleading, and, at the next term of the court, a judgment was entered against it for $1,005.07, and for costs. Thereupon, at the same term, the insurance company, by its said attorney, filed a motion in said cause for an order.

"To amend the record therein so that there should be stricken therefrom all thereof appearing and purporting to be the entry of the appearance of the insurance company in this cause, and purporting to note the alleged request of the defendant for leave to answer the petition of the plaintiff in this cause on the merits, and appearing and purporting to note the waiver by and on behalf of the defendant of the issue made on its motion to the jurisdiction of the court heretofore overruled by this court."

Said motion contained the statement, "said defendant now appearing only for the purpose of making its motion to amend the record."

On the hearing of this motion, counsel for the insurance company offered certain evidence in support thereof, all of which the court refused to receive or consider, and overruled said motion; to which action of the court the counsel for the company excepted. The evidence thus offered and rejected was preserved by a bill of exceptions, which was duly made a part of the record, and is before us. This evidence consisted of affidavits of said attorneys, and tended to show that the insurance company had instructed the law firm, composed of two individuals, to appear in said case only "for the purpose of contesting the right of said plaintiffs to commence their said action in said court and take the ruling of said court thereon, and not to cause the appearance of said company to be entered in said court on the merits, and not to obtain leave to answer the plaintiff's petition in said court;" and that one of said attorneys only was in said court when said motion was disposed of, and he, not being at that time advised of said instruction to his firm limiting the authority of said attorneys, took leave to answer as set forth in said journal entry.

Whether the rejection of this evidence was error which might be prejudicial to the insurance company, must depend upon its legitimate effect, if received and considered. It is claimed by the insurance company that said evidence, if received, would fairly have required the court to sustain said motion to amend said record as asked, and that, as the record stands, it shows a voluntary appearance of the insurance company, which might prevent it from taking the judgment of reviewing courts upon the question first disposed of herein; that is, upon the question of the right of any court other than the court of common pleas of Knox county to take jurisdiction of a suit upon a policy against the company *in invitum*, and hence that the refusal of the court to correct said record was prejudicial to the insurance company.

The published opinions of the supreme court upon the subject of the waiver of process and entering of appearance require careful scrutiny in order to harmonize all the expressions that appear therein, but the rules upon this subject

may be gathered, so far as necessary for the disposition of this case, from the cases we will now allude to.

The syllabus of Allen v. Miller, 11 O. St. 374, is as follows: "In order to give the court of common pleas jurisdiction in an action against a defendant resident and served with process in another county than that in which the suit is brought, under the 53rd and 58th sections of the Code, the other defendant or defendants resident or served with process in the county in which suit is brought, must have a real and substantial interest in the subject of the action adverse to the plaintiff, and against whom substantial relief is sought, and hence where H. H. & Co. residing in Cuyahoga county, assigned to A., as collateral security for a debt due from them to A., an account claimed to be due them from M., who resided in Hamilton county; and A. brought suit in Cuyahoga county against H. H. & Co. and M. as defendants, and obtained service of summons against M. in Hamilton county only, and M. answered, not only to the merits, but also, in the same answer, denying the jurisdiction of the court, the action was rightfully dismissed for want of jurisdiction as against him."

This case is noticed for another purpose in Osborn v. McClelland, 43 O. S., 284, 295, but is cited and commented on as to the point now in question in Mason v. Alexander, 44 O. S., 318, 329, the judge pronouncing the opinion in the latter case finding the idea involved most clearly expressed on p. 379 of Allen v. Miller, where this occurs: "The defendant Miller embraced the first occasion which offered, to wit, in his answer, to assert his objection to the jurisdiction of the court, nor did he waive that objection by any subsequent action on his part." But he had actually answered to the merits.

The holding in Dunn v. Hazlett, 4 O. S. 436, is stated in the syllabus as follows:
"Where two are sued as joint contractors, one of whom resides in the county where suit is brought, and the other in another county, and service of summons is made on each in which he resides, and it turns out that the person residing in the county where the action is brought, is not liable as a joint contractor, the plaintiff ought not to recover against the one residing in the foreign county. In such case, the person residing out of the county can be required to answer in another county upon the ground only that a joint contractor resides, and is sued, in the county where the action is brought. In such case, if the person residing in and the person residing out of the county, jointly plead to the merits, and the court find that they were not joint contractors, and non-suit the plaintiff, it is error in the court to set aside the non-suit, with leave to the plaintiff to strike out the name of the person residing in the county, and p oceed against the one residing out of the county alone.
"After such leave granted, it is error in the court to refuse to dismiss the proceedings, for the reason that no service of a summons was made within the county where suit was brought."

We call attention, also, to Drea v. Carrington, 32 O. S. 595. That was an action brought against parties, some residing in one county, and some in another county, and the syllabus reads: "An action to recover damages under an act requiring compensation for causing death by wrongful act, neglect, or default (2 S. & C. 1139), may be brought in any county in the state where the defendant, or any one of the defendants, resides or may be served.
"In such case where there are several defendants, against all of whom good cause of action is alleged, some of whom are served in the county, and others reside and are served in another county than that where the suit is brought, the validity of the service of summons in such other county and the jurisdiction of the court over the person of the non-resident defendants, depends upon the truth of the allegations of the petition.
"Where the allegations of the petition upon its face make a case in which all the defendants are rightfully joined, and service is made on one or more in the county where the suit is brought, and on the others in another county, the question of the jurisdiction of the court over the persons of the defendants served in such other county, must be raised by answer, under sections 87 and 89 of the civil code.
"Where the non-resident defendants file a motion to dismiss for want of jurisdiction over them, and supported by a verified answer, as provided in sec. 89 of the civil code, traversing the allegations of the petition, by showing that such non-residents are not rightfully joined as defendants, the issue of fact thus presented in the action for the recovery of a money judgment is one which either has the right to have tried by a jury.
"In such case, it is error for the court, without the assent of the parties, to hear and determine this issue."

Holding, as we do, that this petition, if the averments in it are true, would make a case showing that the Knox Co. Ins. Co. may be rightfully sued in Williams county, the defendant, in order to meet that aspect of the case, should file

his answer traversing the allegations of the petition as to the company's having accepted the provisions of the general law so as to lose its right under the special charter, as was held in Drea v. Carrington, *supra.* The petition and the answer would present an issue for trial by jury. The question which the company wanted to make, and which it directly instructed its attorneys to make, could not be properly presented on a motion, and the application for leave to answer was the proper and necessary thing to do even for the purpose of determining the question of jurisdiction, and had an answer been filed making the necessary allegations to raise the question of the right to sue in any county but Knox, and also containing a plea to the merits, and the jury had under the rules given by the court, found the jurisdictional facts with the company, it would have determined the case in its favor.

If the company might have actually filed an answer to the merits and still preserve its rights as to jurisdiction, it was not legally prejudiced by merely asking leave to answer, even if it had done so by an attorney duly authorized. It was not by its appearing in the record that it asked leave to answer, but by failing to answer denying the jurisdictional facts averred in the petition, that the company's right or chance to make that question was jeopardized. The record aside from that part of it asked to be expunged, showing full jurisdiction of the case and of the defendant, the apparent entry of appearance, whether authorized or not, could make no difference in the legal rights of the defendant company. Therefore, as the granting or refusing this motion to amend the record could in no wise affect the final judgment which the court of common pleas rendered in the action, this court would not be authorized to reverse said judgment for refusing to·hear said evidence, or for overruling the motion.

It is also urged by the defendant in error here that as the fire in question occurred on August 3, 1889, and as this leave to answer was taken prior to the expiration of the time required by section 7 of said special acts of incorporation, for bringing suit, and as such motion to amend the record was not filed till June, 1890, and after the time limited in said section for bringing such suit in Knox county, the court of common pleas rightfully overruled the same, since to have granted· it would have been inequitable towards the plaintiff below. And the defendant below also contends that, as it would appear that the said attorneys for the insurance company were, in fact, authorized to appear in said action for one purpose, it cannot affect an adverse party having no knowledge of any private limitations on their power, that such counsel, in doing what is usually and customarily within the authority of attorneys-at-law, may have overstepped the exact bounds of their instructions from their client as to a particular matter of practice, and especially where, as in this case, the evidence, if admitted, would have shown that what is claimed as an unauthorized act of counsel was the essentially necessary thing to do in order to make the very point which the instructions ordered to be made, namely: that said court of common pleas had no jurisdiction of the defendant below.

These arguments would seem to present considerations of moment, and would have received serious attention had a disposition of them been necessary in determining this case; but as it is disposed of on other grounds, we need not conclude upon them.

The judgment of the court of common pleas is affirmed.

Leidigh & Killits, for plaintiff in error.

Emery & Masters, for defendants in error.